IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

F I L E

APR 3 0 2015

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA    )
    )
v.    )    Criminal No. 3:08CR083–HEH
    )    Civil Action No. 3:12CV304–HEH
JAMES OVERTON ELLIS,    )
    )
    Petitioner.    )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

James Overton Ellis, a federal inmate proceeding *pro se*, filed this motion under

28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("2255 Mot.," ECF No. 24).

The Government requests that the Court deny the § 2255 Motion on the grounds that,

*inter alia*, the statute of limitations bars the § 2255 Motion.  Ellis has responded.  For the

reasons set forth below, the § 2255 Motion will be denied as barred by the statute of

limitations.

## I. PROCEDURAL HISTORY

Ellis pled guilty to possession of a firearm and ammunition by a convicted felon

and possession with intent to distribute a mixture and substance containing detectable

amounts of cocaine base. (Plea Agreement 1–2, ECF No. 13.)  On July 16, 2008, the

Court entered final judgment and sentenced Ellis to 235 months of imprisonment. (J. 2,

ECF No. 19.)

On April 16, 2012, Ellis executed his § 2255 Motion and presumably placed it in the prison mail system.[1]  (§ 2255 Mot. 14.)  In his § 2255 Motion, Ellis asserts that in light of the decision in *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011), he "is now legally innocent of the enhancement pursuant to [the] ACCA [Armed Career Criminal Act] and the 922(g) conviction."  (Mem. Supp. § 2255 Mot. 4, ECF No. 25.)

## II. ANALYSIS

### A.    Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion.  Specifically, 28 U.S.C. § 2255(f) now reads:

**(f)**    A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—

**(1)**    the date on which the judgment of conviction becomes final;

**(2)**    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)**    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The Court deems the § 2255 Motion filed as of that date.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

    **(4)**    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Ellis did not appeal, for purposes of 28 U.S.C. § 2255(f)(1), his conviction became final on Wednesday, July 30, 2008—the last date to file an appeal. *See United States v. Clayton*, No. 3:07CR488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:04CV122, 4:01CR16, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Thus, Ellis had until Thursday, July 30, 2009 to file any motion under 28 U.S.C. § 2255. Because Ellis did not file his § 2255 Motion until April 16, 2012, the statute of limitations bars the § 2255 Motion unless Ellis demonstrates entitlement to a belated commencement of the limitations period under 28 U.S.C. § 2255(f)(2)–(4) or an equitable exception to the statute of limitations.

Ellis seeks belated commencement under 28 U.S.C. § 2255(f)(3) and an equitable exception to the statute of limitations on the grounds that he is actually innocent of his conviction under 18 U.S.C. § 922(g) based on the Supreme Court's decision in *Carachuri–Rosendo v. Holder*, 560 U.S. 563 (2010)[2] as interpreted by the United States

---

[2] In *Carachuri–Rosendo*, the Supreme Court held that "whether a prior conviction is an 'aggravated felony' as used in the Immigration and Nationality Act ('INA') must be resolved by looking at the offense for which the defendant was actually convicted, not the offense for which he could have been convicted in view of his conduct." *United States v. Powell,* 691 F.3d 554, 555 (4th Cir. 2012).

Court of Appeals for the Fourth Circuit in *United States v. Simmons*, 649 F.3d 237 (4th

Cir. 2011).[3]

### A.    Belated Commencement

A § 2255 petitioner may obtain a belated commencement of the limitations period

to "the date on which the right asserted was initially recognized by the Supreme Court, if

that right has been newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).  In *Powell*, the Fourth

Circuit concluded that the decision in *Carachuri–Rosendo* failed to provide a basis for

belated commencement of the limitations period under 28 U.S.C. § 2255(f)(3) because

that decision was not retroactive to cases on collateral review. *Powell*, 691 F.3d at 559–

60.

Subsequently, in a case that is somewhat difficult to reconcile with *Powell*, the

Fourth Circuit concluded that the rule it announced in *Simmons* is retroactive to cases on

collateral review. *See Miller v. United States*, 735 F.3d 141, 146–47 (4th Cir. 2013).  The

decision in *Miller*, however, provides no basis for a belated commencement of the

---

[3] In *Simmons*, the United States Court of Appeals for the Fourth Circuit

> overruled prior decisions and held that, in deciding whether to enhance federal
> sentences based on prior North Carolina convictions, we look not to the maximum
> sentence that North Carolina courts could have imposed for a *hypothetical*
> defendant who was guilty of an aggravated offense or had a prior criminal record,
> but rather to the maximum sentence that could have been imposed on a person
> with the defendant's *actual* level of aggravation and criminal history.

*Powell*, 691 F.3d at 556 (citing *Simmons*, 649 F.3d at 241).

limitations period. *Id.* at 143 (noting that government waived statute of limitations "which would normally bar Miller's motion as untimely").

Moreover, the triggering date for belated commencement under 28 U.S.C. § 2255(f)(3) is "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). Because Ellis seeks to benefit from the decision in *Carachuri–Rosendo,* he had to file his § 2255 motion, within one year of that decision or by June 14, 2011. *See Dodd v. United States*, 545 U.S. 353, 357–58 (2005) (holding that the § 2255(f)(3) limitation period runs from the date on which the Supreme Court recognizes the new right, not the date on which the new right was "made retroactive[ ]"). Because Ellis failed to file his § 2255 Motion until more than nine (9) months past that date, it remains barred by the statute of limitations.

### B.    Actual Innocence and Equitable Tolling

The Supreme Court has recognized that a convincing claim of actual innocence of the crime of one's conviction may allow a court to consider an otherwise time-barred claim. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924 (2013). The Fourth Circuit, however, has concluded that "*McQuiggin* does not apply to habeas claims based on actual innocence of a sentence." *United States v. Jones*, 758 F.3d 579, 587 (4th Cir. 2014), *cert. denied*, __ U.S. __, 135 S. Ct. 1467 (2015). Thus, Ellis's assertion that, in light of *Simmons*, he "is now legally innocent of the [sentencing] enhancement pursuant to [the]

ACCA [(Armed Career Criminal Act)]," provides no basis for avoiding the statute of limitations. (Mem. Supp. § 2255 Mot. 4.)[4]

Ellis also asserts that he is actually innocent of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g) "in light of '*Simmons*' and '*Thompson*'" because his prior controlled substances offenses[5] are not felonies, as they failed to result in physical imprisonment of over one year. (Mem. Supp. § 2255 Mot. 3 (emphasis added).) Ellis is wrong.

The Fourth Circuit has rejected this interpretation of *Simmons*. *United States v. Thompson*, 480 F. App'x 201, 204 (4th Cir. 2012). In *United States v. Thompson*, the Fourth Circuit vacated the district court's determination that under *Simmons* the defendant did not qualify for an enhanced sentence as an armed career criminal under 18 U.S.C. 924(e) because the defendant's actual sentences for his prior convictions did not result in physical imprisonment of over one year. *United States v. Thompson*, 826 F.

---

[4] In *McQuiggin*, the Supreme Court distinguished between equitable tolling of the statute of limitations and an equitable exception to the statute of limitations. 133 S. Ct. at 1931–32. The Supreme Court concluded actual innocence provides an equitable exception to the statute of limitations. *Id.* at 1935–36. No needs exists to describe the doctrine of equitable tolling here because the Fourth Circuit, sitting *en banc*, has flatly rejected the notion that the decision in *Simmons* provides a basis for equitably tolling the statute of limitations. *United States v. Whiteside*, 775 F.3d 180, 184-87 (4th Cir. 2014). Additionally, the Court notes that Ellis's underlying claim, that the Court incorrectly applied the armed career criminal guideline enhancement, fails to provide a cognizable basis for § 2255 relief. *See United States v. Foote*, --- F.3d ----, No. 13–7841, 2015 WL 1883538, at *1 (4th Cir. Apr. 27, 2015).

[5] On January 8, 1999, the Circuit Court for the City of Richmond ("Circuit Court") sentenced Ellis to five years of imprisonment for possession of cocaine with intent to distribute. (ECF 25–1, at 1–2.) The Circuit Court suspended four and one-half (4 1/2) years of that sentence. (*Id.* at 2.) Because this conviction qualifies a predicate felony for a violation of 18 U.S.C. § 922(g), the Court declines to analyze Ellis's other felony convictions.

Supp. 2d 863, 866–67, *vacated* 480 F. App'x 201, 204 (4th Cir. 2012). The relevant

inquiry is not the actual sentence the defendant received, but "whether the actual

defendant was subject to a potential sentence of greater than one year of imprisonment."

*Thompson*, 480 F. App'x at 204. Ellis clearly was subject to a sentence exceeding one

year for his conviction for possession with intent to distribute cocaine. Thus, Ellis fails to

demonstrate that he is actually innocent of violating 18 U.S.C. § 922(g). Accordingly,

the statute of limitations bars Ellis's § 2255 Motion.

### III. CONCLUSION

The § 2255 Motion (ECF No. 24) will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge

issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will

not issue unless a prisoner makes "a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable

jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Ellis has not satisfied this

standard. Accordingly, the Court will deny a COA.

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

7    Entered: April 30, 2015