IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
JUL 2 8 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:08CR83–HEH |
| ) | |
| JAMES OVERTON ELLIS, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Granting 28 U.S.C. § 2255 Motion)

By Order entered on May 2, 2016, the United States Court of Appeals for the Fourth Circuit granted James Overton Ellis permission to file a successive 28 U.S.C. § 2255 motion in this Court. (ECF No. 49.) On May 3, 2016, Ellis, appearing *pro se*, filed this 28 U.S.C. § 2255 Motion seeking relief based upon *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 51.) On May 20, 2016, the Court received another copy of the § 2255 Motion from Ellis. (ECF No. 53.) Specifically, Ellis contends that, in light of *Johnson*, he was improperly sentenced as an Armed Career Criminal under the Sentencing Guidelines. The Government has responded and agrees with Ellis that his § 2255 Motion should be granted with respect to Ellis's challenge to his designation as an Armed Career Criminal and that Ellis should be resentenced. (ECF No. 70.) For the reasons that follow, the § 2255 Motion (ECF Nos. 51, 53) will be granted.

The Court found Ellis guilty of possession of a firearm and ammunition by a convicted felon, and possession with intent to distribute cocaine base. (J. 1, ECF No. 19.) As noted by the Supreme Court,

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

*Johnson*, 135 S. Ct. at 2555 (citations omitted). At sentencing, it was determined that Ellis had two prior convictions that qualified as serious drug offenses and one prior conviction that qualified as a violent felony. (Pre-Sentence Investigation Report ("PSR") ¶ 65, ECF No. 44.) Specifically, Ellis was previously convicted of possession of cocaine with intent to distribute on January 8, 1999; possession of cocaine with intent to distribute on May 26, 2006; and assault and battery against a family member, third offense, on July 27, 2006. (*Id.*)

The Armed Career Criminal Act ("ACCA") defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 135 S. Ct. at 2556. In *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. *Id.* at 2557.

2

In acknowledging that Ellis is entitled to relief, the Government states that:

> It is the position of the United States that the defendant no longer qualifies for a sentencing enhancement under the Armed Career Criminal Act. He was previously convicted of two drug trafficking offenses, and one domestic violence offense which was elevated to a felony solely due to the fact that this was the defendant's third or subsequent domestic violence conviction. However, the defendant still qualifies for a sentence enhancement under the Career Offender provisions of the guidelines.

(Gov't's Resp. 2, ECF No. 70.)[1]

In light of the foregoing circumstances, Ellis's § 2255 Motion (ECF Nos. 51, 53) will be granted. Ellis's motions for the appointment of counsel (ECF Nos. 63, 65, 67, and 69) will be granted, and the Office of the Federal Public Defender will be appointed to represent Ellis in further proceedings in this matter. Ellis's Motion to Delay Response (ECF No. 71) will be denied as moot. The matter will be set for a resentencing at the Court's earliest convenience. The Government will be directed to obtain from the Bureau of Prisons documentation of the amount of Ellis's good time credit that has vested as of

---

[1] The Government explains that:

> As a result of the ACCA finding, the probation officer determined that the defendant had an Offense Level of 34. Under the Career Offender guidelines, the probation officer found that the defendant had an Offense Level of 32. Thus, at the time the sentence was originally imposed in 2008, the ACCA guidelines trumped the Career Offender guidelines, and the drug trafficking sentence imposed was ordered to run concurrent with the ACCA sentence.

(Gov't's Resp. 2.) "Recently, the Supreme Court concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause. . . . *Johnson*'s vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." *United States v. Lee*, 855 F.3d 244, 246–47 (4th Cir. 2017) (citation omitted). Therefore, to the extent that Ellis asserts that *Johnson* invalidates his designation as a Career Offender under the United States Sentencing Guidelines, his assertion lacks merit.

3

the date of this Memorandum Opinion and Order and that will vest as of the date of resentencing.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: July 28, 2017
Richmond, Virginia